STATE OF MAINE
Cumberland, ss



SUPERIOR COURT
Civil Action
Docket No. CV-04-574

TED-CUM 5/2 06

ROY WELLS,

    Plaintiff

v.

ANTHEM HEALTH PLANS
OF MAINE, INC.,

    Defendant

**DECISION AND ORDER
ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

The defendant moves for summary judgment as to all counts and to strike

affidavits filed by plaintiff and portions of the plaintiff's Statement of Material Fact.

The court concurs with defendant's counsel that the plaintiff's voluminous

response is not in keeping with the intent of the present rule on summary judgment

practice, M.R.Civ.P. 56, and ignores the admonitions of the Law Court in *Stanley v.*

*Hancock County Commissioners*, 2004 ME 157, 864 A.2d 169..[1]

## I. BACKGROUND

The plaintiff, Roy Wells, is employed by the State of Maine and enrolled in

Anthem's HMO choice plan in April 2001. Under the terms of Wells' policy, Anthem

pays for medically necessary[2] health care, including pharmaceutical prescriptions. At

---

[1] The court also notes that the plaintiff filed a memorandum in opposition to defendant's Motion to Strike that exceeded the page limitations of M.R.Civ.P. 7(f0 without first seeking the court's authorization to do so. A motion to exceed page limitations that is filed simultaneously with the memorandum is in violation of the rule that clearly requires a party to obtain "prior leave of court."

[2] At the time Wells enrolled in the health plan, his certificate of coverage defined the terms medical necessity and medically necessary as:
    A service is defined as medically necessary if it meets all the following requirements:

the time Wells enrolled in Anthem's plan, he suffered from migraines and took a number of headache medications, including daily Zomig. The National Headache Foundation recommends that Zomig be taken no more than 8 treatment days in a month or 2 treatment days in a week.

In May 2001, Anthem contracted with Anthem Prescription Management ("APM") to manage drug benefits for Anthem members. APM placed a 6 tablet-per-month quality edit on Zomig due to findings made by APM's Pharmacy and Therapeutics Committee ("P&T Committee"). Under the Zomig quality edit, an Anthem member would automatically be approved for payment of 6 tablets for 30 days. If the member requested more than 6 per month, the member or his doctor could request an override of up to 12 tablets per month. If the member requested more than 12 tablets per month, the member must apply directly to Anthem. Anthem would

1. Is directly related to the diagnosis and/or treatment of your symptoms, signs condition, illness, diseases or injuries;
2. Is consistent with the appropriate medical policy statement;
3. Is the least costly, equally effective alternative that can be safely provided for you;
4. Is accepted medical practice
5. Is not primarily for the convenience of the member, provider or professional.

We reserve the right to determine medical necessity. We do not provide benefits of any health care service that are not medically necessary except for preventive or routine health services that are specifically listed as covered in this contract. The determination of medical necessity is subject to your right to appeal.

In 2001, the Maine legislature enacted a definition of "medically necessary health care" for purposes of health care insurance, leading Anthem to amend its definition of medically necessary to be consistent with the statute. Anthem mailed a notice of amendment to Wells in July 2002. The statutory definition of medically necessary health care provides as follows:

"Medically necessary health care" means health care services or products provided to an enrollee for the purpose of preventing, diagnosing or treating an illness, injury or disease or the symptoms of an illness, injury or disease in a manner that is:
A.    Consistent with generally accepted standards of medical practice;
B.    Clinically appropriate in terms of type, frequency, extent, site and duration;
C.    Demonstrated through scientific evidence to be effective in improving health outcomes;
C.    Representative of "best practices" in the medical profession; and
D.    Not primarily for the convenience of the enrollee or physician or other health care practitioner.

24-A M.R.S.A. § 4301-A (10-A) (2005).

2

approve the request, if as provided in the member's health plan certificate, the member's doctor demonstrated that it was medically necessary. In May 2001, APM sent a letter to the plaintiff informing him of the guidelines on Zomig's quantity edit.

Also in May 2001, APM notified Dr. Seth Kolkin, Wells's treating neurologist for headaches and migraines, that APM established quality edits on various drugs including Zomig. The letter informed Dr. Kolkin how to receive an override. On May 16, 2001, Dr. Kolkin wrote indicating that daily Zomig provided successful results for Wells. Dr. Kolkin's letter did not address any of the definitional elements of "medically necessary" as set forth in Wells's health insurance certificate. In response to this letter, on May 30, 2001, APM sent Dr. Kolkin and Wells a letter approving payment for an override of 12 tablets per month. As of that date, Wells still had approximately a two-month supply of daily Zomig.

On August 3, 2001, a staff member working at Dr. Kolkin's office contacted APM to request a 30-day supply of Zomig for Wells. APM informed the staff member that APM previously approved payment of 12 Zomig tablets per month and that this latest request would be forwarded to Anthem for review. Although no medical literature existed stating that prescribing daily Zomig constituted accepted medical practice, three days later, Anthem's medical director, Maxwell Barus, M.D., reviewed the claim and approved it claim on a temporary basis. In a letter dated August 8, 2001, Anthem wrote to Dr. Kolkin informing him of the temporary approval and suggested that Wells and his treating physician work together to "implement a plan within the [APM] guidelines." Dr. Kolkin, however, did not see Wells from May 2001 to March 2005 and never contacted Dr. Barus.

In September 2001, after Dr. Barus and Anthem received no response to Barus's letter of August 8th, Anthem's approval reverted to a 12 tablet per month supply as

3

approved by APM in 2001. On September 25, 2001, a staff person at Dr. Kolkin's office contacted Anthem inquiring about the criteria used by Anthem for payment of Zomig in the amount requested for Wells. The Anthem representative apparently misunderstood the request and treated the call as an appeal regarding Wells's Zomig reimbursement. The appeal forms reached Dr. Kolkin's office about a month after the original call even though the Anthem representative said that appeal forms would be sent immediately. On October 30, 2001, Dr. Kolkin sent a "Request to Appeal Decision—First Level" to Anthem.

In response to this appeal, and as required by Maine Bureau of Insurance regulations, on November 1, 2001, Anthem sent letters to Wells's doctors, Dr. Kolkin and Dr. Van Summern (Wells's primary care physician) requesting all of Wells's medical records. Anthem did not receive a prompt response from Dr. Van Summern. Anthem contacted him again. Anthem received Wells's medical records from both doctors by November 8, 2001. On November 12, 2001, Anthem sent the appeal request and all the medical records and documents it received to Alicare, Inc., an independent medical review company contracted by Anthem to evaluate questions of medical necessity.[3]

On November 19, 2001, Douglas Brown, M.D., a Board certified neurologist chosen by Alicare, issued his report indicating that he could not support the medical necessity of more than 12 Zomig tablets per month. Dr. Brown's report further stated that he could not find information supporting the daily use of Zomig for treatment of migraines, but indicated that if Wells substantiated his need for daily Zomig, Dr. Brown would be inclined to support the idea of medical necessity for daily use of Zomig. At

---

[3] Alicare hires physicians to provide independent medical review in cases like the one involved here. Anthem does not select the physicians but expects that the independent reviewer will use his or her best medical judgment and conduct medical literature research as is necessary.

4

the time Dr. Brown issued his decision, no published medical literature even suggested that daily use of Zomig was consistent with generally accepted standards of medical practice, demonstrated through scientific evidence to be effective in improving health outcomes, or representative of best practices in the medical field. On November 21, 2001, Anthem sent a letter to Dr. Kolkin and Wells informing them of Dr. Brown's decision and the basis for that decision. The letter included information on how to file a Second Level Appeal and an appeal form.

On November 29, 2001, Anthem received Dr. Kolkin's request for a "Request to Appeal Decision—Second Level." On January 14, 2002, responding to a call from Anthem, Dr. Kolkin supplied two articles on daily Zomig use as well as additional medical records to support Wells's Second Level Appeal. That same day, Anthem sent the Request for Second Level Appeal to Alicare and requested a second independent medical review by a different neurologist. This request included all of the information gathered by or provided to Anthem in connection with Dr. Kolkin's request made on behalf of Wells, including the original request, all of Wells's medical records as provided by Drs. Kolkin and Van Summern and the two articles supplied by Dr. Kolkin.

As part of the Second Level Appeal process, Anthem informed Wells and Dr. Kolkin that either or both may participate in a hearing with a panel of persons from Anthem and the independent physician reviewer appointed by Alicare. Wells was also informed that an attorney could assist him at the hearing. Neither Wells nor Dr. Kolkin requested an opportunity to participate in a Second Level Appeal hearing.

On January 17, 2002, Dr. V. Jane Kattapong, a neurologist selected by Alicare, issued a report to Anthem stating the following:

> The requested amount of Zomig (30 tabs/30 days) should not be approved because 1) it has not been established that the member's chronic daily headaches are actually all migraine headaches; 2) Zomig has not

5

been FDA approved for chronic daily use; 3) the safety of this agent from a cardiovascular standpoint, especially in patients with cardiovascular risk factors, has not been established.

Dr. Kattapong also stated that the "issue of rebound headaches due to medication overuse is a reasonable concern." As was the case in Dr. Brown's decision, Dr. Kattapong's medical opinion was consistent with the state of medical knowledge at the time. As of the time of Dr. Kattapong's decision, no published articles existed stating that daily Zomig to treat migraines satisfied the statutory definition of "medical necessity."

On January 22, 2002, Anthem sent a letter to Dr. Kolkin informing him that Anthem denied Well's claim. The letter also informed them that Wells had a right to request an independent external review through the Maine Bureau of Insurance. In October 2002, the Maine Bureau of Insurance alerted Anthem that Wells filed a request for external review.

In response to Wells's appeal request, the Bureau selected MAXIMUS CHDR ("MAMIMUS") to conduct the external review; Anthem played no part in that selection. As instructed by the Bureau, on October 28, 2002, Anthem sent all the information in its files regarding Well's request to MAXIMUS. On November 21, 2002 MAXIMUS conducted a telephone hearing in which only Wells and an Anthem representative participated. MAXIMUS CHDR chose Michael Dunn, M.D., a practicing physician and a board certified neurologist to review the case. On November 22, 2002, MAXIMUS CHDR affirmed Anthem's decision that daily Zomig tablets was not medically necessary. This lawsuit ensued after an unresolved or abandoned appeal to the State Employee Health Commission.

## II. DISCUSSION

### A. Defendant's Motion to Strike

According to M.R. Civ. P. 56(e), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Conclusory statements do not belong in affidavits filed in support of a party's opposition to summary judgment. *See Spickler v. Greenberg*, 586 A.2d 1232, 1234 (Me. 1991); *Town of Orient v. Dwyer*, 490 A.2d 660, 662 (Me. 1985).

The defendant argues that the court should strike four affidavits: Roy Well's affidavit, attorney Peter Thompson's affidavit, Egilius Spierings's affidavit, and Seth Kolkin's affidavit. Contrary to the plaintiff's argument, all of these affidavits contain conclusory statements, are not based on personal knowledge and/or do not set forth facts as would be admissible in evidence. Roy Well's affidavit contains conslusory and argumentative evidence, statements not based on personal knowledge and inadmissible hearsay statements. Thompson's affidavit purports to authenticate documents by stating that attached documents are copies of ones that he received, but he lacks the personal knowledge basis to authenticate any of the information therein.

Drs. Spierings's and Kolkin's affidavits include conclusory statements in which both assert the unreasonableness and inaccuracy of the reviewing neurologists' opinions. These affidavits also contain inadmissible hearsay and lack personal knowledge.

Although the plaintiff contends that the court should *only* disregard the inadmissible portions of the various affidavits, this court is not obligated to pick through an affidavit to determine what properly belongs in it. This responsibility belongs to the party's attorney; it is the counsel's responsibility to ensure that

7

everything submitted to this court comports with Rules of Civil Procedure and the case law interpreting these Rules. From a pure judicial economy standpoint, a party's attorney cannot expect that this court has or can recruit the resources to perform the attorney's job. Furthermore, no attorney should expect that this court would, out of what could only be considered pure kindness, perform a vital function of the summary judgment process for the party's attorney. For these reasons, the court should grant the Defendant's motion to strike the four affidavits in their entirety. *See Bahre v. Liberty Group, Inc.*, 2000 ME 75, ¶ 14, 750 A.2d 558, 562 (holding that one paragraph demonstrating a lack of personal knowledge entitled the trial court to strike the entire affidavit).

The defendant also requests that this court strike the plaintiff's opposing statement of material facts as violative of M.R. Civ. P. 56(h)(2). This Rule requires "a separate, short, and concise statement of material facts." M.R. Civ. P. 56(h)(2). Although the defendant's Statement of Material Facts is not a model of brevity, it does set out facts in 98 paragraphs in a rather direct fashion. On the contrary, plaintiff's opposing statement consists of many long rambling argumentative and conclusory responses plus an excessively long "Additional Statement of Material Facts" in 100 extra paragraphs over 34 pages. For example, paragraph 51 of defendant's SMF is one of defendant's longer factual statements. It states:

> 51. In response to that appeal request, Anthem followed its standard appeal processing procedures under the terms of Mr. Wells' Certificate of Coverage and Rule 850 of the Maine bureau of Insurance. (Joan Coolen Aff. ¶ 9) In order to process that appeal, Anthem sent a erequest by fax on November 1, 2001 to the offices of Dr. Kolkin and dr, John Van summern, Mr. wells' primary care physician, asking for all of Mr. Wells' medical records. (Id.)

The plaintiff's opposition is seven pages long and covers many issues in a convoluted manner. This does not satisfy the "short and concise" requirement of Rule 56(h)(2). The

court therefore disregards plaintiff's Opposing Statement of Material Fact ¶ 51 as well as ¶¶ 52-54 because they rely on paragraph 51.

## B. Motion for Summary Judgment

### 1. Standard of Review

This Court will grant a motion for summary judgment when no genuine issue of material facts exist and either party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When "determining whether to grant or deny a motion for a summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A. 2d 933, 938 (internal quotations omitted) (citations omitted). Finally, in response to a motion for summary judgment, the party "having the burden of proof at the trial must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. To do this, the [party with the burden] must establish a *prima facie* case for each element of the cause of action." *Northeast Coating Techs. v. Vacuum Metallurgical Co.*, 684 A.2d 1322, 1324 (Me. 1996).

### 2. Plaintiff's Additional Statement of Material Facts

In opposing the defendant's motion for summary judgment, the plaintiff presented an additional statement of material facts, consisting of 101 numbered paragraphs covering 35 pages. Nearly all the paragraphs contain several sentences and

some of the paragraphs cover pages or half pages. Additionally, some of the paragraphs repeat facts stated in the defendant's statement of material facts.

The Law Court's recent decision in *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 29, 864 A.2d 169, 179, provides that "if a party submits an unnecessarily long, repetitive, or otherwise convoluted statement of material facts that fails to achieve [Rule 56's] requirement of a 'separate, short and concise' statement, the court has the discretion to disregard the statement . . . ." Although the plaintiff argues that his long and convoluted reply statement conforms with the *Stanley* requirement that statements of material facts be organized in "logical order to present in a meaningful fashion the story revealed by the material facts," that is the only justification he provides for the statement's length. The plaintiff fails to offer any reasonable explanation why his reply statement fails to conform to Rule 56's requirement of a short and concise statement. *Id.* at ¶ 28, 864 A.2d at 178. The length of the Plaintiff's reply statement of material facts is unnecessarily long, repetitious and convoluted, upsetting this court's management of cases. *See id.* at ¶ 27, 864 A.2d at 178. Consequently, the court disregards the plaintiff's reply statement of material facts.

### 3. Carrier Liability Pursuant to 24-A M.R.S.A. § 4313 (Count I)

A health plan member may maintain a private cause of action against a carrier offering a health plan pursuant to the following:

> A carrier has the duty to exercise ordinary care when making health care treatment decisions that affect the quality of the diagnosis, care or treatment provided to an enrollee and is liable for damages as provided in this section for harm to an enrolled proximately caused by the failure of the carrier or its agents to exercise such ordinary care.

24-A M.R.S.A. § 4313 (2005). Ordinary care means "in the case of a carrier, the degree of care that a carrier of ordinary prudence would use under the same or similar circumstances." 24-A M.R.S.A. § 4301-A(12) (2005). The plaintiff offers several

10

arguments attempting to generate a genuine issue of material fact that Anthem failed to exercise ordinary care; however most of the plaintiff's arguments rely on the plaintiff's reply statement of material facts, and therefore, are moot.

The plaintiff argues that Anthem breached its duty to exercise ordinary care by failing to comply with the Maine Health Plan Accountability Regulations ("MHPAR") when reviewing Wells' claim. Although the plaintiff valiantly attempts, over five pages of text, to detail the various subsections violated by Anthem, many of the alleged violations contain disregarded facts and cannot be considered. Assuming, however, that the arguments regarding the violations have any merit, the MHPAR simply does not apply. The plaintiff brought this private cause of action pursuant to the statute wherein the Legislature defined ordinary care as "the degree of care that a carrier of ordinary prudence would use under the same or similar circumstances." If the Legislature intended for the MHPAR to clarify or somehow modify this standard care, the Legislature would have made that known.

24-A M.R.S.A. § 4309 does not change this result. Section 4309 provides that "the superintendent shall adopt rules and establish standards *for health plans* in order to carry out the purposes of this chapter." 24-A M.R.S.A. § 4309 (2005) (emphasis added). Although the superintendent must effectuate the Legislature's intent when promulgating rules for health plans, this does not carry over to private causes of action created by the Legislature. Consequently, for all the aforementioned reasons, the plaintiff's argument that the MHPAR modifies the standard of care fails.

Wells fails to establish a *prima facie* case that the defendant neglected to exercise ordinary care when reviewing his claim. The admitted evidence demonstrates that three independent neurologists concluded in a timely manner, after receiving medical

11

records and other documents[4] from plaintiff's treating neurologist and primary care physician, that the effectiveness of daily Zomig has not been established. Furthermore, each time Anthem denied the claim due to the respective neurologist's opinion, Anthem informed Wells how he may appeal the denial. Summary judgment in favor of the defendant on Count I must be granted.

**4. Unfair Claims Settlement Practices Act (count II)**

A health plan member may bring a civil cause of action against the insurer if the insurer:

> A. Knowingly misrepresent[s] to an insured pertinent facts or policy provisions relating to coverage at issue;
>
> B. Fail[s] to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy; [or]
> . . . .
> E. Without just cause, fail[s] to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A M.R.S.A. §§ 2436-A(1)(A)-(B), (C) (2005).

**a. Knowingly Misrepresentation**

The plaintiff's argument regarding Anthem's alleged knowing misrepresentation draws from disregarded facts and, as such, cannot be considered. Assuming, however, that plaintiff's facts and argument were admissible, the plaintiff still failed to establish that Anthem knowingly misrepresented anything to Wells.

To establish a knowing misrepresentation, the plaintiff "must provide evidence demonstrating something more than a mere dispute between [Wells and Anthem] as to the meaning of certain policy language." *Curtis v. Allstate Ins. Co.,* 2002 ME 9, ¶ 24, 787

---

[4] The plaintiff claims that Anthem failed to exercise ordinary care when Anthem did not provide MAXIMUS information on other Zomig appeals. In addition ¶ 51 containing these facts, the unrelated appeals are irrelevant.

A.2d 760, 767. In this case, assuming the court admitted the disregarded facts, the plaintiff has only provided evidence of mistakes made by Anthem in its dealings with parties *other than the insured*. Because Anthem at best committed negligence dealing with parties other than the insured, the plaintiff failed to establish a prima facie case of a knowing misrepresentation.

### b. Failing to Acknowledge and Review Claims

The facts demonstrate that, at each juncture, Anthem acknowledged and quickly responded to Wells' claim and appeals. Three days after the August 3, 2001 call from Dr. Kolkin's office, Anthem's Medical Director approved Wells' daily Zomig claim on a temporary basis. Regarding Wells' First and Second Level Appeals, the admitted facts indicate that Anthem moved as expeditiously as possible given the time-consuming task of collecting medical records and other documents.

Again, the plaintiff does not offer any admissible evidence in response to the Defendant's argument; he merely states, "see paragraph 51 of Plaintiff's Response to Anthem's Statement of Material Facts." Consequently, the plaintiff again fails to establish a prima facie case of Anthem's failure to acknowledge and review Wells' claim.

### c. Without Just Cause

Pursuant to § 2436-A(2), "an insurer acts without just cause if it refuses to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed." 24-A M.R.S.A. § 2436-A(2) (2005). The defendant engages in a very long discussion detailing how the "without just cause" language contained in § 2436-A(2) parallels "bad faith" law in other jurisdictions. It is not

13

necessary for such information when the statute provides a clear definition.[5]

As discussed above, Anthem only pays for additional Zomig tablets if the plaintiff, or his doctor(s), demonstrate that the additional tablets are medically necessary. Under either Anthem's pre-amendment definition of medically necessary or the statutory definition, Anthem had a reasonable basis to contest or debate liability. All three of the independent neurologists reviewing Wells' claim determined that daily Zomig was not medically necessary. Indeed, only one published article on daily Zomig apparently existed when the first two neurologists considered the claim. One article certainly does not meet the definition's requirement that treatment be "consistent with the appropriate medical policy statement" or "demonstrated through scientific evidence to be effective in improving health outcomes."[6] Furthermore, the National Headache Foundation recommends that Zomig be taken no more than 8 treatment days in a month or 2 treatment days in a week, also demonstrating that 30 Zomig tablets in 30 days does not meet the criteria of medically necessary. The plaintiff, in true form, did not provide any admissible facts showing anything to the contrary. Consequently, the plaintiff failed to establish a prima facie case demonstrating that Anthem acted without just cause.

## 5. Breach of Contract

The plaintiff argues that the defendant breached its insurance contract with Wells when Anthem did not provide payment for a daily supply of Zomig. Pursuant to the insurance contract, however, the Defendant must only pay for medically necessary

---

[5] Maine does not recognize the tort of bad faith in an insurance context; the court notes that the test developed and followed in a majority of jurisdictions, holds that there is no tort action for bad faith when a claim is fairly debatable. *See e.g., McCulloch v. Hartford Life and Accident Ins. Co.*, 363 F. Supp.2d 169, 177-78 (D. Conn. 2005); *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002); *Bushy v. Allstate Ins. Co.*, 670 A.2d 807, 810 (Vt. 1995).

[6] Also, Dr. Kolkin, Plaintiff's neurologist, said that daily Zomig was "unconventional." Dr. Kolkin stated this in his affidavit and, although the defendant refers to it, the defendant never placed this statement in the statement of material facts.

pharmaceutical prescription. As discussed *supra*, daily Zomig does not satisfy the medically necessary definition and the plaintiff again failed to provide any admissible evidence to the contrary.

The plaintiff also argues that the defendant breached the implied covenant of good faith and fair dealing in its handling of the claim. Also as discussed earlier, Anthem promptly acknowledged and fully reviewed Wells' claim; this is not a case in which Anthem summarily denied or ignored the claim. *See e.g., Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 647-48 (Me. 1993) (holding that the insurance company breached the covenant of good faith and fair dealing when it rejected the insured's claim in its entirety due to insured's failure to submit to examination under oath.) Anthem followed the requisite procedures and, as such, did not breach the implied covenant of good faith and fair dealing.

## III. RECOMMENDATION

The clerk will make the following entries as the Decision and Judgment of the court:

A. The defendant's Motion for Summary Judgment is granted as to all counts.

B. Judgment is entered for defendant Anthem Health Plans of Maine, Inc..

C. No costs are awarded.

SO ORDERED.

Dated: May 9, 2006

Thomas E. Delahanty II
Justice, Superior Court

15

ROY WELLS  - PLAINTIFF

Attorney for: ROY WELLS
PETER THOMPSON   - RETAINED 09/14/2004
LAW OFFICE OF PETER L THOMPSON
217 COMMERICAL ST. SUITE 200
PORTLAND ME 04101


vs
ANTHEM HEALTH PLANS OF MAINE INC - DEFENDANT
,
Attorney for: ANTHEM HEALTH PLANS OF MAINE INC
JOHN PATERSON   - RETAINED 10/25/2004
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: ANTHEM HEALTH PLANS OF MAINE INC
RONALD SCHNEIDER  - RETAINED 10/25/2004
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2004-00574


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 09/14/2004

## Docket Events:
09/14/2004 FILING DOCUMENT - COMPLAINT FILED ON 09/14/2004
           SUMMARY SHEET FILED WITH COMPLAINT 9/14/04.(LJ)

09/14/2004 Party(s):  ROY WELLS
           ATTORNEY - RETAINED ENTERED ON 09/14/2004
           Plaintiff's Attorney: PETER THOMPSON

10/25/2004 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           RESPONSIVE PLEADING - ANSWER FILED ON 10/25/2004
           OF DEFENDANT  (DC)

10/25/2004 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           ATTORNEY - RETAINED ENTERED ON 10/25/2004
           Defendant's Attorney: JOHN PATERSON

10/25/2004 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           ATTORNEY - RETAINED ENTERED ON 10/25/2004
           Defendant's Attorney: RONALD SCHNEIDER

10/27/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/27/2004
           THOMAS E DELAHANTY II, JUSTICE

11/05/2004 ORDER - SCHEDULING ORDER ENTERED ON 11/05/2004
           THOMAS E DELAHANTY II, JUSTICE
           DISCOVERY DEADLINE IS JULY 5,2005. ON 11-05-04 COPIES MAILED TO JOHN PATERSON, RONALD

SCHNEIDER AND PETER THOMPSON, ESQS. AD

11/05/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/05/2005

11/09/2004 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/09/2004
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES
PROPOUNDED UPON DEFENDANT SERVED ON JOHN M.R. PATERSON, ESQ. ON 11-8-04 (GM)

12/13/2004 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/13/2004
DEFENDNT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMEANTS AND
DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES SERVED ON PETER L.
THOMPSON ESQ. ON 12-9-04 (GM)

12/13/2004 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/13/2004
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND DEFENDANT'S FIRST
SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF SERVED ON PETER L. THOMPSON ESQ. ON 12-10-
04 (GM)

01/04/2005 Party(s): ROY WELLS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/30/2004
OF PLAINTIFF'S UNOPPOSED MOTION TO ENLARGE DEADLINE FOR RULE 16B ADR. AD

01/07/2005 Party(s): ROY WELLS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/05/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT; 1. THE MOTION IS HEREBY GRANTED WITHOUT OBJECTION. 2. ADR TO BE
COMPLETED BEFORE CLOSE OF DISCOVERY. 3. THE DEADLINE TO COMPLETE ADR PROCESS IS EXTENDED
TO JUNE 30, 2005. ON 01-07-05 COPIES MAILED TO PETER THOMPSON, JOHN PATERSON, ESQS. AD

02/07/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/07/2005
PLAINTIFF'S RESPONSE TO ANTHEM'S REQUEST FOR PRODUCTION OF DOCUMENTS AND PLAINTIFF'S
ANSWERS TO ANTHEM'S FIRST SET OF INTERROGATORIES SERVED ON JOHN M.R. PATERSON, ESQ. ON 2-
4-05 (DC)

02/09/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION FILED ON 02/08/2005
PLAINTIFF'S MOTION   TO ENLARGE EXPERT WITNESS DESIGNATION DEADLINE. AD

02/18/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION TO RECONSIDER FINDING FILED ON 02/18/2005
OF DEFENDANT, ANTHEM HEATLH PLANS OF MAINE, INC. MOTION FOR PARTIAL RECONSIDERATION OF THE
ORDER ENLARGING DEADLINE FOR DESIGNATION OF PLAINTIFF'S EXPERTS. AD

02/22/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/22/2005
PLAINTIFF'S EXPERT WITNESS DESIGNATION SERVED ON JOHN M.R. PATERSON ESQ. ON 2-21-05 (GM)

02/24/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/24/2005

THOMAS E DELAHANTY II, JUSTICE
UPON CONSIDERATION OF PLAINTIFF'S MOTION TO ENLARGE EXPERT WITNESS DESIGANTION DEADLINE,
IS HEREBY ORDERED THAT; 1. THE MOTION IS HEREBY GRANTED WITHOUT OBJECTION; 2. PLAINTIFF'S
DEADLINE TO DESIGNATE EXPERT WITNESSES IS ENLARGED TO FEBRUARY 21, 2005. IT IS FURTHER
ORDERED THAT PLAINTIFF'S REQUEST FOR LEAVE TO SUPPLEMENT EXPERT DESIGNATIONS BASED ON NEW
INFORMATION OBTAINED IN DISCOVERY IS HEREBY GRANTED. THE LAST PARAGRAPH OF THE ABOVE ORDER
AS IT IS APPLICABLE TO SUPPLEMENTING EXPERT DESIGNA- TIONS "BASED ON NEW INFORMATION IS
VACATED. THE COURT MISUNDERSTOOD THE EXTENT OF THE AGREEMENT TO THE MOTION. SUPPLEMENTAL
EXPERT DESIGNATIONS MAY ONLY BE MADE UPON A SHOWING OF SUBSTANTIAL COURSE ON COURT ORDER.
ON 03-16-05 COPIES MAILED TO PETER THOMPSON, JOHN PATERSON AND RONALD SCHNEIDER. ESQS. AD

03/24/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/24/2005
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF AMY JOHNSON SERVED ON JOHN M.R. PATERSON, ESQ.
ON 3/22/05. (LH)

04/01/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/01/2005
AMENDED NOTICE OF DEPOSITION OF SETH KILKIN, M.D. SERVED ON PETER THOMPSON. (LH)

04/01/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/01/2005
DEPOSITION OF PLAINTIFF ROY WELLS SERVED ON PETER L THOMPSON ON 3/31/05. (LH)

04/04/2005 Party(s): ROY WELLS
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 04/04/2005
BY PLAINTIFF, WITH $300. FEE. (LH)

04/05/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/05/2005
AMENDED NOTICE TO TAKE THE ORAL DEPOSITION OF DR. EGILIUS L.H. SPIERINGS AND NOTICE TO
TAKE THE ORAL DEPOSITION OF DR. JOHN SERVED ON PETER L. THOMPSON ON 04/04/05 (JBG).

04/06/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/06/2005
AMENDED NOTICE TO TAKE THE ORAL DEPOSITON OF DR. EGILIUS L. H. SPIERINGS AND NOTICE TO
TAKE THE ORAL DEPOSITION OF DR. JOHN VANSUMMERN SERVED ON PETER L THOMPSON ON 4/5/05. (LH)

04/12/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/12/2005
FROM RONALD SCHNEIDER, ESQ. WITH ATTACHMENTS REQUESTING A DISCOVERY CONFERENCE WITH THE
COURT (DC)

04/13/2005 Party(s): ROY WELLS
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/13/2005
PLAINTIFF REQUESTS A DISCOVERY CONFERENCE. (LH)

04/19/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/19/2005
DEFENDANT'S EXPERT WITNESS DESIGNATION SERVED ON PETER THOMPSON ON 4/19/05. (LH)

04/21/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/21/2005

NOTICE TO TAKE THE ORAL DEPOSITION OF DR. SETH KOLKIN SERVED ON PETER L. THOMPSON ON
02/23/05 (JBG).

02/25/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/25/2005
NOTICE TO TAKE ORAL DEPOSITION OF MAXWELL BARUS, M.D. SERVED ON JOHN M.R. PATERSON, ESQ.
ON 02/22/05 (JBG).

03/03/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/03/2005
NOTICE TO TAKE ORAL DEPOSITION OF DENISE WOOD, SHARON DUTREMBLE AND JOAN   COOLEN SERVED
ON JOHN M. R. PATERSON, ESQ. ON 3/2/05. (LJ)

03/08/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/08/2005
NOTICE TO TAKE ORAL DEPOSITION OF AMY JOHNSON SERVED ON JOHN M. R. PATERSON, ESQ. ON
3/7/05. (LJ)

03/09/2005 Party(s): ROY WELLS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/09/2005
PLAINTIFF'S MEMORANDUM IN OPPOSITIN TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION WITH
ATTACHMENTS. (LJ)

03/16/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
OTHER FILING - REPLY MEMORANDUM FILED ON 03/16/2005
OF DEFENDANT IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER
ENLARGING DEADLINE FOR DESIGNATION OF PLAINTIFF'S EXPERTS WITH EXHIBIT 1 (JBG).

03/17/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION GRANTED ON 03/16/2005
THOMAS E DELAHANTY II, JUSTICE
PLEASE SEE COURT ORDER OF MARCH 16, 2005.

03/21/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/21/2005
DEFENDANT'S SECOND SET OF INTERROGATORIES PROPOUNDED ON THE PLAINTIFF SERVED ON PETER L.
THOMPSON  ESQ ON 3-18-05 (GM)

03/21/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/21/2005
NOTICE OF DEPOSITION OF EGILIUS L.H. SPIERINGS, M.D., PH.D SERVED ON PETER L. THOMPSON ESQ
ON 3-18-05 (GM)

03/22/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/22/2005
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON JOHN M. R. PATERSON, ESQ.
ON 03/21/05 (JBG).

03/23/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION TO RECONSIDER FINDING OTHER DECISION ON 03/16/2005
PLEASE SEE COURT ORDER OF MARCH 16, 2005.

03/23/2005 ORDER - COURT ORDER ENTERED ON 03/16/2005

OF PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES; AND PLAINTIFF'S
SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES SERVED ON JOHN M.R.
PATERSON, ESQ. AD

04/22/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2005
OF PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS; AND PLAINTIFF'S SECOND SET OF
INTERROGATORIES PROPOUNDED UPON DEFENDANT SERVED ON JOHN M.R. PATERSON, ESQ. AD

04/22/2005 Party(s): ROY WELLS
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/22/2005
FROM PETER L. THOMPSON, ESQ. REQUESTING A DISCOVERY CONFERENCE. AD

04/22/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2005
DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON
PETER L THOMPSON ON 4/21/05.(LH)

04/26/2005 Party(s): ROY WELLS
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 04/26/2005
MEDIATION IS JUNE 10, 2005 AT 1:00 P.M.: MEDIATOR IS KEN PIERCE. AD

04/26/2005 Party(s): ROY WELLS
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/26/2005
PLAINTIFF REQUESTS A DISCOVERY CONFERENCE WITH THE COURT IN THIS MATTER WITH ATTACHMENTS.
AD

05/04/2005 ORDER - COURT ORDER ENTERED ON 05/04/2005
THOMAS E DELAHANTY II, JUSTICE
COURT FINDINGS OR RULINGS; THE ENTRY WILL BE; PLAINTIFF'S REQUEST FOR DOCUMENTS #3 HAS
BEEN RESOLVED BY COUNSEL. AS TO #4 & #5. COURT DETERMINES THE REQUEST IS TOO BROAD AND IS
DENIED. AS TO PLAINTIFF'S REQUEST TO TAKE ADDITIONAL DEPOSITION. COUNSEL TO FILE A MOTOIN
TO INDICATE WHI IS TO BE DEPOSED. SUBJECT MATTER AND WHY MORE THEN SAME REQUIRED. COUNSEL
TO ALSO ADRESS ISSUE OF FEES. GIVEN COUNSEL'S CIRCUMSTANCES, HE HAS 21 DAYS TO FILE-DEP TO
RESPOND W/IN 7 DAYS. AT THE DIRECTION OF THE COURT  PETER THOMPSON, RONALD SCHNEIDER AND
JOHN PATERSON, ESQS. AD , THIS ORDER SHALL BE INCORPORATED INTO THE DOCKET BY REFERENCE.
RULE 79(A). ON 05-04-05 COPIES MAILED TO RONALD SCHNEIDER, JOHN PATERSON AND PETER
THOMPSON, ESQS. AD

05/05/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION FILED ON 05/03/2005
OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITION. AD

05/05/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/05/2005
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL
DEPOSITION. AD

05/06/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION GRANTED ON 05/06/2005
THOMAS E DELAHANTY II, JUSTICE
FOR GOOD CAUSE SHOWN, PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THE RULE 30(B)(6) DEPOSITION
OF MAXINUS IS HEREBY GRANTED OVER OBJECTION. ON 05-06-05 COPIES MAILED TO PETER THOMPSON,

JOHN PATERSON AND RONALD SCHNEIDER, ESQS. AD

05/06/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION FILED ON 05/05/2005
OF PLAINTIFF'S MOTION TO LIMIT DEFENDANT'S EXPERT'S FEES FOR DEPOSITION TIME. AD

05/09/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/09/2005
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO LIMIT DEFENDANT'S EXPERT FEES FOR
DEPOSITION TIME WITH ATTACHMENT 1 AND 2. (LH)

05/10/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/10/2005
PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS; AND PLAINTIFF'S THIRD SET OF
INTERROGATORIES PROPOUNDED UPON DEFENDANT SERVED ON JOHN M.R. PATERSON, ESQ. ON 5/9/05
(JW)

05/18/2005 Party(s): ROY WELLS
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 05/18/2005
FROM PETER L. THOMPSON ESQ WITH ATTACHMENTS (GM)

05/27/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/27/2005
OF DEFENDANT'S NOTICE TO CONTINUE THE DEPOSITION OF SETH KOLKIN SERVED ON PETER L.
THOMPSON, ESQ. ON MAY 26, 2005. AD

06/03/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/03/2005
DEFENDANT'S RESPONSE TO PLAINTIFF'S 3RD REQUEST FOR PRODUCTION OF DOCUMENTS AND
DEFENDANT'S ANSWERS TO PLAINTIFF'S 3RD SET OF INTERROGATORIES SERVED ON PETER THOMPSON ON
05/31/05 (JBG).

06/08/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION MOOT ON 06/07/2005
THOMAS E DELAHANTY II, JUSTICE
OF PLAINTIFF'S MOTION TO LIMIT DEFENDANT'S EXPERT'S FEES FOR DEPOSITION TIME; AFTER TEL
CONFERENCE THIS DATE ON RULE 26(G) THE COURT INQUIRED OF OTHER MATTERS REQUIRING THE
COURT'S ATTENTION AND WAS INFORMED BY COUNSEL OF NOENE. THE COURT ASSUMES THIS HAS BEEN
RESOLVED AND IS MOOT. ON 06-08-05 COPIES MAILED TO JOHN PATERSON, RONALD SCHNEIDER AND
PETER THOMPSON, ESQS. AD

06/08/2005 ORDER - COURT ORDER ENTERED ON 06/07/2005
THOMAS E DELAHANTY II, JUSTICE
COURT FINDINGS OR RULINGS; PLAINTIFF AMENDS REQUEST #45 TO PERIOD OF SEPT 01 AND AFTER.
COURT UNDERSTANDS THAT DEF HAS PROVIDED NAMES OF ALL CSR PERSONS WHO HAVE DEALT
W/PLAINTIFF ON THIS CASE AND THAT THEY ARE STILL WITH THE COMPANY. THE ENTRY WILL BE:
OBJECITON TO INTERROGATORY #4 IS SUSTAINED. ON 06-08-05 COPIES MAILED TO JOHN PATERSON,
RONALD SCHNEIDER AND PETER THOMPSON, ESQS. AD

06/10/2005 Party(s): ROY WELLS
LETTER - FROM PARTY FILED ON 06/10/2005
FROM PETER THOMPSON, ESQ. STATING THEY RECEIVED JUSTICE DELAHANTY'S DECISION IN CONNECTION
WITH A RECENT DISCOVEYR DISPUTE. J. DELAHANTY STATED THAT HE BELIEVED THAT THE DISCOVERY

DISPUTE CONCERNING THE EXPERT WITNESS FEES HAD BEEN RESOLVED. IT HAS NOT BEEN RESOLVED. AD

06/22/2005 ORDER - REPORT OF ADR CONF/ORDER FILED ON 06/22/2005

06/23/2005 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 06/22/2005
          THOMAS E DELAHANTY II, JUSTICE
          REPORT OF ADR CONFERENCE FILED. CASE IS UNRESOLVED. ORDER ENTERED. ON 06-23-05 COPIES
          MAILED RONALD SCHNEIDER, JOHN PATERSON AND PETER THOMPSON, ESQS.

07/05/2005 Party(s): ROY WELLS
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 07/01/2005
          PLAINTIFF, ROY WELLS IS REQUESTING A DISCOVERY CONFERENCE WITH ATTACHMENTS. AD

07/06/2005 ORDER - COURT ORDER ENTERED ON 07/05/2005
          THOMAS E DELAHANTY II, JUSTICE
          AS TO PLAINTIFF'S REQUESTS FOR DISCOVERY CONFERENCE; ON REVIEW OF THE SUBJECT
          INTERROGATORIES, NUMBERS 3, 4 AND 5; IT APPEARS TO THE COURT THAT 3 AND 4 ARE OVER -BROAD
          AND BURDENSOME. DEFENDANT'S OBJECTIONS ARE SUSTAINED. THE OBJECTION TO #5 IS OVER-RULED
          AND THE QUESTION SHALL ANSWERED. SO ORDERED. ON 07-06-05 COPIES MAILED TO JOHN PATERSON,
          RONALD SCHNEIDER AND PETER THOMPSON, ESQ. AD

07/13/2005 Party(s): ROY WELLS
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/13/2005
          NOTICE TO TAKE ORAL & VIDEO DEPOSITION OF ALAN M RAPAPOORT MD AND STEVEN H HOROWITZ MD
          SERVED ON JOHN MR PATERSON ESQ ON 7-12-05 (JW)

07/19/2005 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 07/19/2005
          ESTIMATE OF 10 DAYS FOR TRIAL (JW)

07/20/2005 Party(s): ROY WELLS
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/20/2005
          OF PLAINTIFF'S WITNESS LIST; AND PLAINTIFF'S EXHIBIT LIST SERVED ON JOHN M.R. PATERSON,
          ESQ. ON JULY 19, 2005. AD

07/21/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/21/2005
          DEFENDANTS EXHIBIT AND WITNESS LISTS SERVED ON PETER L THOMPSON ESQ ON 7-20-05 (JW)

07/22/2005 Party(s): ROY WELLS
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/22/2005
          MONROE COUNTY, STATE OF NEW YORK: ORDER TO SHOW CAUSE: RE: MAXIMUS CHDR DEPOSITION SERVED
          ON JOHN M.R. PATERSON ESQ. ON 7-21-05 (GM)

07/26/2005 ORDER - COURT ORDER ENTERED ON 07/26/2005
          THOMAS E DELAHANTY II, JUSTICE
          THE CLERK SHALL MAKE THE FOLLOWING ENTRY AS THE DECISION AND ORDER OF THE COURT. PLAINTIFF
          IS RESPONSIBLE FOR DEPOSITION FEES FOR DR. RAPPAPORT UP TO $550 PER HOUR AND FOR $500 PER
          HOUR FOR DR. HOROWITZ. SO ORDERED. ON 07-26-05 COPIES MAILED TO PETER THOMPSON, JOHN
          PATERSON AND RONALD SCHNEIDER, ESQS. AD

07/27/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/27/2005
          OF DEFENDANT, ANTHEM HEALTH PLANS OF MAINE INC. NOTICE TO TAKE THE DEPOSITION OF DR. LINDA

PEENO SERVED ON PETER THOMPSON, ESQ. ON JULY 26, 2005. AD

07/28/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/28/2005
OF DEFENDANT'S AMENDED EXHIBIT AND WITNESS LIST SERVED ON PETER L. THOMPSON, ESQ. ON JULY
27, 2005. AD

08/08/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - OTHER MOTION FILED ON 08/04/2005
OF DEFENDANT'S MOTION TO EXCEED PAGE LIMIT ON MOTION FOR SUMMARY JUDGMENT. AD

08/08/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION SUMMARY JUDGMENT FILED ON 08/04/2005
OF DEFENDANT, ANTHEM HEALTH PLANS OF MAINE, INC.'S MOTION FOR SUMMARY JUDGMENT WITH
INCORPORATED MEMORANDUM OF LAW; STATEMENT OF UNDISPUTED MATERIAL FACTS;AFFIDAVITS AND
DEPOSITION EXCERPTS IN SUPPORT OF DEFENDANT'S UNDISPUTED STATEMENT OF MATERIAL FACTS WITH
EXHIBITS 1 THRU 18. AD

08/09/2005 Party(s): ROY WELLS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/08/2005
OF PLAINTIFF'S MOTION TO ENLARGE DEADLINE TO FILE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF MATERIAL FACTS. AD

08/09/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/09/2005
OF PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS SERVED ON JOHN M.R. PATERSON, ESQ. ON AUGUST 8, 2005. AD

08/15/2005 Party(s): ROY WELLS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/15/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT: THE MOTION IS HEREBY GRANTED: 2. THE DEADLINE FOR PLAINTIFF TO
OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RESPOND TO DEFENDANT'S STATEMENT OF
MATERIAL FACTS IS EXTENDED TO SEPTEMBER 21, 2005. ON 08-15-05 COPIES MAILED TO JOHN
PATERSON AND PETER THOMPSON, ESQS.

08/22/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - OTHER MOTION GRANTED ON 08/18/2005
THOMAS E DELAHANTY II, JUSTICE
DEFENDANT'S MOTION TO EXCEED PAGE LIMIT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IS
HEREBY GRANTED. THE MOTION AND MEMORANDUM SHALL NOT EXCEED 27 PAGES. PLAINTIFF'S OPPOSING
MEMORANDUM IS LIMITED TO 27 PAGES. ANY REPLY MEMORANDUM IS LIMITED PURSUANT TO
M.R.CIV.P.7(F). SO ORDERED. AT THE DIRECTION OF THE COURT, THIS ORDER SHALL BE
INCORPORATED INTO THE DOCKET BY REFERENCE, RULE 79(A).ON 08-22-05 COPIES PETER THOMPSON,
JOHN PATERSON AND RONALD SCHNEIDER, ESQS. AD

08/22/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/22/2005
OF PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION OF MAXIMUS CHDR SERVED ON JOHN M.R.
PATERSON, ESQ. ON MARCH 2, 2005. AD

08/31/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
LETTER - FROM PARTY FILED ON 08/30/2005

FROM JOHN M.R. PATERSON, ESQ. STATING THE DEFENDANT FILED AFFIDAVITS ANDDEPOSITION
EXCERPTS IN SUPPORT OF DEFENDANT'S UNDISPUTED STATEMENT OF MATERIAL FACTS. WITHIN THAT
DOCUMENT IS THE AFFIDAVIT OF COLLEEN HAINES. HE HAS FOUND THAT THE AFFIDAVIT REFERS TO
EXHIBIT 1 ON TWO OCCATIONS, WHEN IN ACTUALILTY PARAGRAPH 7 SHOULD REFER TO "EXHIBIT 2".
ENCLOSED IS THE AFFIDVIT OF COLLEEN HAINES WITH A CHANGE IN PARAGRAPH 7 TO REFERENCE
EXHIBIT 2. AD

09/22/2005 Party(s):  ROY WELLS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/21/2005
OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
PLAINTIF'S OPPOSING STATEMENT OF MATERIAL FACTS, AFFIDAVITS AND DEPOSITION EXCERPTS IN
SUPPORT OF PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS WITH EXHIBITS 1 THRU 12, AND
AFFIDAVIT OF PETER THOMPSON, ESQ. WITH EXHIBITS 1 THRU 25 (JBG).

09/27/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/26/2005
OF DEFENDANT'S CONSENTED-TO MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF. AD

09/28/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/28/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED GRANTING DEFENDANT AN EXTENSION TO OCTOBER 10, 2005 TO FILE ITS REPLY
STATEMENT OF MATERIAL FACTS AND REPLY MEMORANDUM IN THIS CASE. ON 09-28-05 COPIES MAILED
TO JOHN PATERSON, RONALD SCHNEIDER AND PETER THOMPSON, ESQS. AD

10/05/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/05/2005
OF CONSENTED-TO MOTION TO EXTEND PAGE LIMITS FOR DEFENDANT'S REPLY MEMORAN DUM. AD

10/06/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION FOR ENLARGEMENT OF TIME DENIED ON 08/18/2005
THOMAS E DELAHANTY II, JUSTICE
MOTION TO EXCEED PAGE LIMIT IS DENIED. SEE ORDER OF 8-18-05. ON 10-06-05 COPIES MAILED TO
PETER THOMPSON, JOHN PATERSON AND RONALD SCHNEIDER, ESQS. AD

10/12/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
OTHER FILING - REPLY MEMORANDUM FILED ON 10/11/2005
OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
DEFENDANT'S REPLY TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS; AFFIDAVITS AND
DEPOSITIONS IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION MATERIAL FACTS WITH
EXHIBITS 1 THRU 8. AD

10/12/2005 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION TO STRIKE FILED ON 10/11/2005
OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S STATEMENTS OF FACTS AND
AFFIDAVITS. AD

10/31/2005 Party(s):  ROY WELLS
MOTION - OTHER MOTION FILED ON 10/31/2005
UNOPPOSED MOTION TO EXCEED PAGE LIMIT TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STIKE. AD.

11/02/2005 Party(s):  ROY WELLS

OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/01/2005
OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE; AMENDED AFFIDAVIT
OF ROY WELLS; AMENDED AFFIDAVIT OF EGILIUS SPIERINGS, M.D., PH.D.; AMENDED AFFIDVIT OF
SETH KOLKIN, M.D.; SUPPLEMENTAL AFFIDAVIT OF ROY WELLS. AD

11/09/2005 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
OTHER FILING - REPLY MEMORANDUM FILED ON 11/08/2005
OF DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STR IKE PORTIONS OF
PLAINTIFF'S STATEMENTS OF FACTS AND AFFIDAVITS. AD.

11/09/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION GRANTED ON 11/08/2005
THOMAS E DELAHANTY II, JUSTICE
UNOPPOSED MOTION TO EXCEED PAGE LIMIT TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STIKE. AD.

11/09/2005 Party(s): ROY WELLS
MOTION - OTHER MOTION DENIED ON 11/08/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT: THE MOTION IS HEREBY DENIED. ANY MOTION TO EXCEED LIMITS MUST
BE FILED PRIORO TO FILING. THE CLERK SHALL RETURN THE MEMORANDUM TO COUNSEL. A NEW MEMO,
WITHIN THE PAGE LIMITATIOONS MAY BE FILED BY NOV. 21, 2005, WITH NO ADDITIONAL
ATTACHMENTS. ON 11-08-05 COPIES MAILED TO RONALD SCHNEIDER, PETER THOMPSON AND JOHN
PATERSON, ESQS. AD

11/09/2005 Party(s): ROY WELLS
OTHER FILING - OTHER DOCUMENT FILED ON 11/01/2005
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DATED NOVEMBER 1,
2005 HAS BEEN RETURNED TO PETER THOMPSON, ESQ. PER REQUEST FROM JUSTICE DELAHANTY. AD

11/21/2005 Party(s): ROY WELLS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/21/2005
OF PLAINTIFF TO DEFENDANT'S MOTION TO STRIKE (GM)

12/01/2005 Party(s): ROY WELLS
LETTER - FROM PARTY FILED ON 12/01/2005
FROM RONALD SCHNEIDER, JR., ESQ. WRITING TO INDICATE THAT ANTHEM'S REPLY BRIEF, FILED ON
NOVEMBER 8, 2005, SHOULD BE CONSIDERED ANTHEN'S REPLY BRIEF TO THE PLAINTIFF'S OPPOSITION
TO ANTHEN'S MOTION TO STRIKE, WHICH WAS FILED ON NOVEMER 21, 2005. AD

12/12/2005 Party(s): ROY WELLS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/12/2005
OF PLAINTIFF'S RESPONSE TO DEFENDANT, KNIGHT'S REQUEST FOR ADMISSIONS SERVED ON THOMAS
MARJERISON, ESQ. ON DECEMBER 2, 2005. AD

01/27/2006 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
COURT TAKES MATTER UNDER ADVISEMENT; NO RECORD MADE. AD

01/27/2006 Party(s): ANTHEM HEALTH PLANS OF MAINE INC
MOTION - MOTION TO STRIKE UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE

COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE. AD

01/27/2006   HEARING - OTHER MOTION HELD ON 01/05/2006
             THOMAS E DELAHANTY II, JUSTICE
             HEARING HELD ON THIS DATE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DEFENDANT'S MOTION
             TO STRIKE. AD

05/09/2006   Party(s):  ROY WELLS
             MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/08/2006
             OF PLAINTIFF'S MOTION TO ENLARGE THE DEADLINES TO FILE PLAINTIFF'S OPPOSITIONS TO
             DEFENDANT MDOT'S MOTIONS FOR SUMMARY JUDGMENT. AD

05/09/2006   Party(s):  ROY WELLS
             MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/09/2006
             THOMAS E DELAHANTY II, JUSTICE
             THE DEADLINE FOR PL'S OPPOSITION TO MDOT'S MOTION FOR SUMMARY JUDGMENT-IMMUNITY IS
             EXTENDED UP TO AND INCLUDING MAY 15, 2006, AND THE DEADLINE FOR PL'S OPPOSITION TO MDOT'S
             MOTION FOR SUMMARY JUDGMENT-CAUSATION IS EXTENDED UP TO AND INCLUDING JUNE 1, 2006. ON 05-
             10-06 COPIES MAILED PETER THOMPSON, JOHN PATERSON AND RONALD SCHNEIDER, ESQS. AD

05/10/2006   FINDING - JUDGMENT DETERMINATION ENTERED ON 05/10/2006
             THOMAS E DELAHANTY II, JUSTICE
             THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND JUDGMENT OF THE COURT: A.
             THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AS TO ALL COUNTS. B. JUDGMENT IS
             ENTERED FOR DEFENDANT, ANTHEM HEALTH PLANS OF MAINE, INC. C. NO COSTS ARE AWARDED. SO
             ORDERED. ON 05-09-06 COPIES MAILED TO PETER THOMPSON, JOHN PATERSON AND RONALD SCHNEIDER,
             ESQS. AD

             ORDER - SUMMARY JUDGMENT ENTERED ON 05/10/2006
             THOMAS E DELAHANTY II, JUSTICE
             THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND JUDGMENT OF THE COURT: A.
             THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AS TO ALL COUNTS. B. JUDGMENT IS
             ENTERED FOR DEFENDANT, ANTHEM HEALTH PLANS OF MAINE, INC. C. NO COSTS ARE AWARDED. SO
             ORDERED. ON 05-09-06 COPIES MAILED TO PETER THOMPSON, JOHN PATERSON AND RONALD SCHNEIDER,
             ESQS. AD                MS. DEBORAH FIRESTONE, GOSS MIMEOGRAPH, THE DONALD GARBRECHT LAW
             LIBRARY & LOISLAW.COM, INC. AD

A TRUE COPY
ATTEST:  _____
                        Clerk